UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALERIE BETH EVERETT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-01203 |
| LTD FINANCIAL SERVICES, LP, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, VALERIE BETH EVERETT ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of LTD FINANCIAL SERVICES, LP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 52 year old natural person residing at 1607 Senior Court, Shelbyville, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff suffers from a variety of physical and mental issue including diabetes, bi-polar disorder, depression, and anxiety. She has been proscribed lithium by her doctors in conjunction with her conditions.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant identifies itself as "a nationally recognized, top-tier collection agency that provides collection services to premier credit grantors across the country."[1] From its headquarters at 7322 Southwest Freeway, Suite 1600, Houston, Texas, Defendant is in the business of collecting the delinquent debts of others, including a consumer debt allegedly owed by Plaintiff.

8. Defendant is a Texas corporation that conducts business in Indiana and is registered with the Indiana Secretary of State under business identification number 2001042400740.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its correspondences and website, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1994.[2]

## FACTS SUPPORTING CAUSES OF ACTION

11. Plaintiff incurred a consumer credit card issued by CitiBank, N.A. under account number ending in 8835 ("subject consumer debt").

---

[1] http://www.ltdfin.com/about-us
[2] http://www.acainternational.org/memberdirectory.aspx

12. Due to lack of income as a result of her poor health, Plaintiff defaulted on her payments to CitiBank, N.A. for the subject consumer debt.

13. Upon information and belief, CitiBank, N.A. turned the collection of the subject consumer debt over to Defendant after Plaintiff's default.

14. Defendant engaged in collection activity towards Plaintiff on the subject consumer debt.

15. On or around February 2, 2016, Defendant caused to be sent a collection letter to Plaintiff.  *See* attached Exhibit A is a true and correct copy of the collection letter.

16. On the collection letter, Defendant identified itself as a debt collector and stated that the balance of the subject consumer debt was $346.37.  *See* Exhibit A.

17. Defendant proposed three different settlement offer to Plaintiff.  Depending on which settlement option she selected, Plaintiff was offered a savings on the subject consumer debt of $259.78, $242.45, and $225.11 respectively.  *Id.*

18. Directly above the proposed settlement offers, the collection letter included a sentence which read, "Citibank, N.A. will report forgiveness of debt as required by IRS regulations."  *Id.*

19. Upon information and belief, CitiBank, N.A. does not report balances forgiven in excess of $600.00 to the Internal Revenue Service ("IRS").

20. Concerned over Defendant's statement in the collection letter, Plaintiff authorized CLP to bring the instant proceedings.

21. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection letter.

22. Plaintiff has suffered financial loss as a result of Defendant's collection letter.

23. Plaintiff has been misled by Defendant's collection letter.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; The threat to take any action that cannot legally be taken or that is not intended to be taken; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §§1692e, e(2)(A), e(5), and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

26. Defendant violated 15 U.S.C. §§1692d, e, e(2)(A), e(10), and f by invoking the involvement of the IRS in the February 2, 2016 collection letter. Defendant's collection letter explicitly stated, "Citibank, N.A. will report forgiveness of debt as required by IRS regulations." Per the IRS's guidelines, CitiBank, N.A. is only required to report cancellation of debt in certain circumstances, most notably those in which the debt forgiven exceeds $600.00. In the collection letter, the greatest amount Defendant proposed to forgive was $259.78, well below the $600.00 reporting requirement.

27. As an experienced and sophisticated debt collector, Defendant is under an affirmative duty not to make false and misleading statements to consumers it seeks payment from. Defendant breached this duty by falsely stating that CitiBank, N.A. was *required* to report the

4

proposed settlements in the collection letter to the IRS. Not only is CitiBank, N.A. under no obligation to report such balances to the IRS, its actual practices follow this path as well.

28. Needlessly and falsely invoking the involvement of the IRS had the natural effect of harassing Plaintiff. Defendant knows that many consumers hold a significant fear of IRS involvement in their affairs. By stating that CitiBank, N.A. was required to make a report to the IRS, Defendant intended to elevate Plaintiff's concern over and response to the collection letter, increasing the likelihood of payment on the subject consumer debt.

29. As plead in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's deceptive actions.

WHEREFORE, Plaintiff, VALERIE BETH EVERETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: May 13, 2016                     Respectfully Submitted,

                                        s/ Nathan C. Volheim
                                        Nathan C. Volheim, Esq. #6302103
                                        David S. Klain, Esq. #66305
                                        Counsel for Plaintiff
                                        Admitted in the Southern District of Indiana
                                        Consumer Law Partners, LLC

5

435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com
